UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

SHAWN JOHNSON, )
)
          Plaintiff, )
vs. ) 3:06-cv-0010-RLY-WGH
)
LT. DANIEL BROUGH, et al., )
)
          Defendants. )

### Entry Discussing Complaint and Dismissing Action

**I.**

The plaintiff's request to proceed *in forma pauperis* is **granted.** The assessment of even a partial initial filing fee is not feasible at this time.

**II.**

The complaint has been considered for purposes of the screening required by 28 U.S.C. § 1915A(b). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999).

This action is the civil rights counterpart to the habeas action brought by Mr. Johnson and decided as Johnson v. Hanks, No. 3:05-CV-175-RLY-WGH (S.D.Ind. January 13, 2006). Because Mr. Johnson failed to prevail in the habeas action, because he could not prevail in the present civil rights action without thereby impugning the validity of the disciplinary proceeding identified as No. WVE 05-06-0038, and because the Supreme Court rule extended the rule of *Heck v. Humphrey,* 512 U.S. 477 (1994), to prison disciplinary proceedings in *Edwards v. Balisok,* 520 U.S. 641 (1997), Mr. Johnson cannot maintain the present action.

A plaintiff can "plead himself out of court by pleading facts that undermine the allegations set forth in his complaint." *Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999) (internal citation omitted). That is what has occurred here. Accordingly, the action is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:    01/19/2006

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana